*ecf 8/31/09*

MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

BENNETT PUTNAM and DEBORAH PUTNAM,

    Debtor(s).
_____/

BK-N- 09-52904
CHAPTER 13
Hearing Date: 10/30/09
and Time: 2:00 pm
Mtn No. _____
Est Time: 5 Minutes
<u>CHAPTER THIRTEEN PLAN</u>

    DEBTORS, Bennett Putnam and Deborah Putnam, propose the following Plan for Adjustment of Debt.

<u>SUMMARY OF THE PLAN</u>

TERM FOR COMPLETION OF PLAN:------------------------------------------ 4 Years

MONTHLY PAYMENT TO TRUSTEE:---------------------------------------- $313.00

PRIORITY CLAIMS:--------------------------------------------------------------$3,000.00

SECURED CLAIM ARREARS:----------------------------------------------$11,560.00

UNSECURED CLAIMS:------------------------------------------------------ $278,000.00

NON EXEMPT PROPERTY ---------------------------------------------------------$55.00

<u>PLAN FOR ADJUSTMENT OF DEBT</u>

    1. PAYMENTS TO U.S. TRUSTEE. The Debtors shall submit a portion of their future earnings or income to the trustee as is necessary for the

1

execution of this plan. The Debtors shall pay to the Chapter Thirteen Trustee the sum of $313.00 each month for payment of all existing debts pursuant to this plan, except as the court may otherwise order. All of the Debtors' projected disposable income to be received in the four year period of the plan will be applied to make payments under the plan. From the payments so received, the Trustee shall make disbursements as provided in this plan.

Unless otherwise ordered by the court, the Debtors shall commence making payments proposed by the plan within thirty days after the plan is filed. However, the Debtors shall be given credit for any payments which have been made to the Trustee prior to the filing of this plan.

The effective date of the plan shall be the date of confirmation of the plan by the court. The Debtors shall complete the plan within four years of the effective date.

2. PRIORITY CLAIMS. All claims entitled to priority under 11 U.S.C. 507(a) shall be paid in full before any other claims set forth under this plan, in deferred cash payments. No unsecured priority claim for taxes shall be allowed unless that taxing authority timely files a proof of claim.

Attorneys fees for Michael Lehners, Esq.---------------------------------$3,000.00

3. SECURED CLAIMS:

(a) Wells Fargo:

This creditor has a first deed of trust in the Debtors' residence. At the time this petition was filed, the Debtors were $11,560.00 in arrears on this obligation. After payment of all claims entitled to priority under 11 U.S.C. §507(a), and concurrently with payment to the other secured creditors set forth in this plan, the Trustee shall pay this creditor $11,560.00 with no interest at over the life of the

2

plan. This creditor shall retain its lien upon the collateral, and the Debtors shall remain current on all post-petition payments which come due. The Debtors shall pay these post-petition payments directly to this creditor outside of the plan. Upon the Trustee's payment of the arrears, this secured obligation will be deemed to be cured and reinstated under the terms of the original contract. Payment in full shall act to remove all incidents of default with respect to this obligation. This Creditor shall credit all post petition payments to the month in which it is received, and it shall credit all payments received by the Trustee to the pre-petition months which are due and owing.

    (b)    Ford Motor Credit:

This creditor holds a security interest in the Debtors' 2003 Ford Expedition. This debt shall not be modified by the plan. This creditor shall retain its lien, and the Debtors shall continue making regular monthly payments throughout the life of the plan.

    (c)    Hewitt Resources:

This creditor holds a security interest in the Debtors' 401K Retirement Plan. This debt shall not be modified by the plan. This creditor shall retain its lien, and the Debtors shall continue making regular monthly payments throughout the life of the plan.

4. OTHER PRIORITY CLAIMS. Debts entitled to priority under and in the order prescribed under 11 U.S.C. 507 as proven and allowed.

5. UNSECURED CLAIMS After the Trustee has completed payments to all other creditors pursuant to this plan, the Trustee shall pay the unsecured claims pro rata of the amount proven and allowed. Interest on all unsecured claims shall cease to accrue on the date the petition was filed. All unsecured creditors who wish to share in distribution under

this plan must file a proof of claim with the Bankruptcy Court. Any unsecured creditor who fails to file a proof of claim prior to the bar date set forth in the notice for meeting of creditors shall not be entitled to receive any monies under this plan. That bar date is set forth in the Notice of Meeting of Creditors.

6. VESTING OF PROPERTY Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan, all of the property of the estate shall vest in the Debtors free and clear of any claim or interest of any creditor provided for by this plan, pursuant to the provisions of 11 U.S.C. §1327. However the automatic stay as set forth in 11 U.S.C. §362(a)(1) through (8) shall remain in effect until there has been a discharge or dismissal of this case.

7. INCOME TAX RETURNS The Debtors shall provide the trustee with copies of all tax returns which are filed during the life of this bankruptcy plan. The Debtors have elected to retain any income tax refunds which are paid over the life of the plan.

8. ALTERATION OF PLAN PAYMENTS The court may from time to time increase or reduce the amount of any installment payment provided by the plan, or extend or shorten the time for any such payments, where it shall appear, after hearing upon such notice as the court may designate, that the circumstances of the Debtors so warrant or require.

9. ORDER OF PAYMENTS TO CREDITORS AND HOLDING OF FUNDS: From the payments made to the Trustee, he shall pay in full before payment to any other creditor class the attorney fees owing under 11 U.S.C. §503(b)(1). Thereafter, he shall pay in full the remaining allowed administrative claims. After payment in full of the administrative

claims, the Trustee shall pay the claims of Secured Creditors. The Trustee shall pay the unsecured claims pro-rata after payments to all other classes have been made.

10. MODIFICATION OF PLAN The Debtors reserve the right to modify any of the terms and provisions of this plan with the order confirming the plan.

Dated: This __31__ day of __August__, 2009

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

5